CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 26 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| ANTHONY DAVIS SLAUGHTER, | Civil Action No. 7:11-cv-00163 |
| *Petitioner,* | |
| v. | **Memorandum Opinion** |
| HAROLD W. CLARKE, *Director, Virginia Department of Corrections,* | By: James C. Turk<br>Senior United States District Judge |
| *Respondent.* | |

This matter comes before the Court on Respondent Harold W. Clark's motion to dismiss Petitioner Anthony Davis Slaughter's ("Slaughter") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. A hearing is not necessary and the matter is ripe for disposition. For the foregoing reasons, Respondent's motion to dismiss will be **GRANTED**.

I. Background and Procedural History

In 2003, a jury in the Circuit Court for Rockingham County convicted Anthony Slaughter of three counts of rape and breaking and entering. The trial judge sentenced Slaughter to a total of fifty years in prison. Slaughter is currently confined at the Nottoway Correctional Center in the custody of the Virginia Department of Corrections.

Slaughter appealed his convictions to the Court of Appeals of Virginia, claiming the evidence adduced at trial was insufficient to sustain his convictions. The Court of Appeals denied his appeal on May 27, 2004.

On August 4, 2005, Slaughter petitioned the Circuit Court for Rockingham County for a writ of habeas corpus asserting that: (1) the evidence did not prove him guilty of breaking and entering; (2) the evidence did not prove him guilty of rape; and (3) his counsel was ineffective

for failing to perfect his appeal from the Court of Appeals to the Supreme Court of Virginia. On September 10, 2007, the Circuit Court ordered the Commonwealth to petition the Supreme Court of Virginia to grant Slaughter leave to file a belated appeal. The Circuit Court then dismissed Slaughter's three habeas corpus claims without prejudice, but expressly stipulated that any subsequent petitions for habeas corpus would be limited to the three grounds Slaughter claimed in his first petition. The Supreme Court of Virginia granted Slaughter leave to notice a belated appeal of the Court of Appeals' decision on September 8, 2008. The Supreme Court reviewed the record and refused Slaughter's petition for appeal on May 27, 2009.

Shortly after petitioning the Circuit Court for a writ of habeas corpus, Slaughter also petitioned the Supreme Court of Virginia directly for a writ of habeas corpus on October 5, 2005. The court dismissed his direct petition on November 15, 2005 as untimely and an improper successive writ pursuant to Va. Code Ann. §§ 8.01-654(A)(2), 8.01-654(B)(2).

On October 1, 2009, Slaughter again petitioned the Supreme Court of Virginia for a writ of habeas corpus, asserting the following grounds of relief:

(1) The trial court erred in refusing to allow Slaughter the right to represent himself and appoint standby counsel;
(2) The trial court erred when it did not remove Slaughter's counsel for a conflict of interest;
(3) Slaughter was placed twice in jeopardy for the same offense, denied his right to be tried by an impartial jury, and denied his right to confront his accuser;
(4) Slaughter's counsel was ineffective for failing to object to the chain of custody of certain DNA evidence admitted against him;
(5) Slaughter's counsel was ineffective by being "inattentive" at arraignment;
(6) Slaughter's counsel was ineffective for failing to secure the trial attendance of material witnesses;
(7) Slaughter's counsel was ineffective for failing to prepare for trial;
(8) Prosecutorial misconduct in the form of improper questioning of witnesses;

2

(9) The evidence adduced at trial was insufficient to disprove the null hypothesis of Slaughter's innocence; and,
(10) The evidence adduced at trial was insufficient to establish that Slaughter had used force to penetrate his victim against her will.

The court denied Slaughter's habeas corpus petition on April 15, 2010, and denied his petition for rehearing on June 16, 2010.

Slaughter timely filed this § 2254 petition on March 8, 2011, asserting ten identical claims.

## II. Standard of Review

Before a federal court may evaluate a petition for a writ of habeas corpus, it must first decide whether the petitioner has exhausted his state court remedies before seeking federal relief. A federal court may not grant habeas relief for unexhausted state claims not presented to the highest state court. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Section 2254 review is not *de novo*, and must focus only on "what a state court knew and did." *Cullen v. Pinholster*, No. 09-1088, 2011 WL 2119158, slip op. at 10 (U.S. May 31, 2011). In this case, Slaughter properly exhausted all of his state remedies for the claims he asserts in his § 2254 petition.

Once it has been determined that a § 2254 petition is properly before a federal court, it may be granted only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When reviewing the writ, federal courts are required "to accord state-court factual findings a presumption of correctness." *Hernandez v. New York*, 500 U.S. 352, 366 (1991). This presumption "appl[ies] with equal force to [a federal court's] review of a state trial court's findings of fact made in connection with a federal constitutional claim," except for exceptional circumstances. *Id.*

3

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant habeas relief for any claim "that was adjudicated on the merits in State court proceedings," unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)–(2). The Fourth Circuit accords the "contrary to" and "unreasonable application" clauses independent meaning. See *Powell v. Kelly*, 562 F.3d 656, 664 (4th Cir. 2009). A state court decision is "contrary to" clearly established federal law if the state court's decision (1) contravenes United States Supreme Court precedent as a matter of law or (2) contravenes United States Supreme Court precedent with materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). If the state court (1) unreasonably applied the correct legal rule to the facts, (2) extended a federal legal principle in a case where it should not be applied, or (3) refused to extend a federal legal principle to a case where it should be applied, then a state court decision is an "unreasonable application" of clearly established federal law. *Id.* at 407.

### III. Analysis

Even if a petitioner has properly exhaustsed all of his claims, a federal court may not hear a claim if it is procedurally barred. A claim is procedurally barred if it has been adjudicated on independent and adequate state law grounds. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *see also Harris v. Reed*, 489 U.S. 255, 262 (1989) (holding that "a procedural default will not bar consideration of a federal claim on habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar").

However, procedural bar will not foreclose federal habeas review when the failure to review will "result in a fundamental miscarriage of justice" or when the "prisoner can

4

demonstrate cause for the default and actual prejudice as a result." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A "fundamental miscarriage of justice" occurs in the extraordinary case where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 495 (1991); *see also Schlup v. Delo*, 513 U.S. 298, 327 (1995).

After reviewing Slaughter's habeas corpus petition, the Supreme Court of Virginia dismissed claims 1, 2, 3, 4, 5, 6, 7, and 8 because they violated Virginia's successive writ rule, Va. Code Ann. § 8.01-654(B)(2), and *Dorsey v. Angelone*, 261 Va. 601, 604, 544 S.E.2d 350, 352 (2001). The Supreme Court barred these claims because Slaughter knew the facts giving rise to them before he filed his first habeas corpus petition yet did not raise them in his previous petition. Virginia's successive writ rule is a clearly recognized independent and adequate state law which procedurally bars a petitioner from seeking federal habeas corpus relief on the same grounds. *Gray v. Netherland*, 518 U.S. 152, 162 (1996) (holding that a claim barred by Va. Code Ann. § 8.01-654(B)(2) was "not cognizable in a federal suit for the writ"); *Clagett v. Angelone*, 209 F.3d 370, 379 (4th Cir. 2000) (holding a claim to be procedurally defaulted because it had been barred in state court by Virginia's successive writ).

Because Virginia's successive writ rule barred claims 1–8 in state court, and the successive writ rule is an adequate and independent state law ground, Slaughter has procedurally defaulted these claims unless he can show "cause and prejudice." *Coleman*, 501 U.S. at 750. Slaughter alleges "cause" for the procedural default because at the time he filed his state habeas corpus petition, he did not have access to his "court file" and therefore did not have evidence to support his claims. Even assuming that Slaughter did not have access to the evidence supporting his habeas corpus claims, he knew the *grounds* for his claims. He did not need court filings or

5

transcripts to allege that his counsel was ineffective or that the prosecutor committed misconduct; Slaughter could have had a reasonable basis for alleging these grounds for habeas corpus relief simply from attending his own trial. Moreover, Slaughter has not demonstrated actual prejudice stemming from the default because he has not shown that, but for his counsel's, the trial judge's, or the prosecutor's errors, he would have been acquitted. Accordingly, claims 1–8 are procedurally defaulted and are not subject to § 2254 review.

Likewise, claims 9 and 10 are not subject to § 2254 review because they are procedurally defaulted. The Supreme Court of Virginia dismissed these two claims on habeas corpus review because they had been raised in the direct appeals process and were decided by the Court of Appeals. The Court of Appeals dismissed the claims regarding the sufficiency of the evidence against Slaughter because those claims were barred under the state default rule established by Supreme Court of Virginia Rule 5A:18. Rule 5A:18 is recognized as an independent and adequate state law ground precluding federal habeas corpus review of claims dismissed pursuant to the rule. *Clagett*, 209 F.3d at 378; *Makdessi v. Watson*, 682 F. Supp. 2d 633, 650 (E.D. Va. 2010). Because the Court of Appeals' decision was the last reasoned opinion on the issue, this Court must look to the Court of Appeals' rationale to determine whether the issue is procedurally defaulted. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). The Court of Appeals decision is therefore a procedural bar that requires this Court to dismiss claims 9 and 10.

However, even if this Court were not barred from reviewing these claims, Slaughter's contentions fail on their merits. A federal court reviewing the sufficiency of evidence supporting a state conviction on a petition for habeas corpus must apply the standard set forth by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Pursuant to *Jackson*, the evidence introduced at trial is constitutionally sufficient to sustain a conviction if, "viewing the

evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* After reviewing the trial transcript in this case, it is apparent to the Court that a rational jury could have found the evidence against Slaughter sufficient to convict him.

To prove rape, Virginia law required the prosecution to prove that Slaughter had sexual intercourse with the victim against her will, by force, threat, or intimidation. Va. Code Ann. 18.2-61; *Sutton v. Commonwealth*, 228 Va. 654, 656, 324 S.E.2d 665, 665 (1985). Threats are expressions of intentions to do bodily harm, while intimidation is placing a victim in fear of bodily harm so as to overcome her will. *Sutton* at 656, 324 S.Ed. 2d at 665. At trial, the victim testified in open court that Slaughter entered the house where she was staying, grabbed her by the arm, and dragged her out of the house as she yelled for help. The victim's mother and son corroborated her testimony. The victim further testified that Slaughter forced her into a car by pointing a sawed-off shotgun at her and drove her for more than an hour into an isolated wooded area. She testified that, at times, Slaughter placed the gun to her head and made statements about "ending it all" and "if he couldn't have her, no one would." Then, she and Slaughter had sexual intercourse, which she claims was non-consensual. Taking this evidence in the light most favorable to the prosecution, which requires the Court to assume that the jury fully credited the victim's account of what happened, a rational trier of fact could have convicted Slaughter of rape.

IV. **Conclusion**

All ten of Slaughter's claims are procedurally defaulted and not subject to § 2254 in this Court. Moreover, even if Slaughter's claims regarding the sufficiency of the evidence were not barred, the evidence adduced at trial was sufficient to sustain the jury's finding of guilt.

7

Accordingly, Slaughter's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

Slaughter is advised that he may appeal this decision, pursuant to Rule 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability pursuant to § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court finds that Slaughter has failed to demonstrate such a showing, and thus declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Slack v. McDaniel*, 529 U.S. 473 (2000). If Slaughter intends to appeal and seek a certificate of appealability from the Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this Court within 30 days of the date of entry of the final order, or within such extended period as the Court may grant pursuant to Rule 4(a)(5) of the Federal rules of Appellate Procedure.

The Clerk is directed to send copies of this memorandum opinion and the accompanying final order to Slaughter and counsel of record for the Respondent.

ENTER: This 26th day of August, 2011.

_____
Senior United States District Judge